## ASHCROFT, ATTORNEY GENERAL OF MISSOURI
## v. MATTIS

No. 76–1179.   Decided May 16, 1977

PER CURIAM.

Appellee's 18-year-old son was shot and killed by police while attempting to escape arrest.  Appellee filed suit under 42 U. S. C. § 1983 against the police officers in the United States District Court for the Eastern District of Missouri. He sought to recover damages, and also to obtain a declaratory judgment that the Missouri statutes authorizing the police action were unconstitutional.[1]   The District Court held that a defense of good faith had been established, and denied both forms of relief.  No appeal was taken from the denial of damages, but appellee did seek review of the denial of declaratory relief.  The Eighth Circuit held that declaratory relief was available and remanded for consideration of

---

[1] These statutes permit police to use deadly force in apprehending a person who has committed a felony, following notice of the intent to arrest. Mo. Rev. Stat. §§ 559.040 and 544.190 (1969); see *Mattis* v. *Schnarr,* 502 F. 2d 588, 591, and n. 4 (CA8 1974).

the merits of the constitutional issue.  *Mattis* v. *Schnarr*, 502 F. 2d 588 (1974).

On remand, appellee filed an amended complaint, in which he made no claim for damages.  The Missouri Attorney General was allowed to intervene in defense of the statutes, and the case was then submitted on stipulated facts.  The District Court upheld the statutes, *Mattis* v. *Schnarr*, 404 F. Supp. 643 (1975), but was reversed by a divided Court of Appeals, sitting en banc, 547 F. 2d 1007 (1976).  The Attorney General brought an appeal under 28 U. S. C. § 1254 (2) from the holding that the state statutes were unconstitutional.

Although we are urged to consider the merits of the Court of Appeals' holding, we are unable to do so, because this suit does not now present a live "case or controversy."  This suit was brought to determine the police officers' liability for the death of appellee's son.  That issue has been decided, and there is no longer any possible basis for a damages claim.  Nor is there any possible basis for a declaratory judgment.  For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."  *Aetna Life Ins. Co.* v. *Haworth*, 300 U. S. 227, 242 (1937).  See also *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U. S. 270, 273 (1941).  Here, the District Court was asked to answer the hypothetical question whether the defendants would have been liable apart from their defense of good faith.  No "present right" of appellee was at stake.  Indeed, appellee's primary claim of a present interest in the controversy is that he will obtain emotional satisfaction from a ruling that his son's death was wrongful.[2]  Appellee's

---

[2] The second amended complaint also alleges that appellee has another son who "*if* ever arrested or brought under an attempt at arrest on suspicion of a felony, *might* flee or give the appearance of fleeing, and would therefore be *in danger* of being killed by these defendants or other police officers . . . ."  3 App. in *Mattis* v. *Schnarr*, No. 75–1849 (CA8), p. 5

Motion to Affirm 5–6, n. 1. Emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot.

The judgment of the Court of Appeals is vacated, and the case is remanded with instructions to direct the District Court to dismiss the second amended complaint.

*It is so ordered.*

---

(emphasis added). Such speculation is insufficient to establish the existence of a present, live controversy.