## A. P. STEPHENSON, d/b/a A. P. STEPHENSON OIL CO. *v.* Richard H. WHITTINGTON, Jr., Ann G. WHITTINGTON, and BANK OF QUITMAN, Quitman, Arkansas

CA 82-8                                             636 S.W.2d 878

Court of Appeals of Arkansas
Opinion delivered August 18, 1982

*Thomas, House & Gardner,* by: *Hoyt Thomas,* for appellant.

*Dave Wisdom Harrod,* for appellees.

MELVIN MAYFIELD, Chief Judge. In May of 1970 the appellant executed a deed to real property in Heber Springs, Arkansas, upon which was located a cafe and service station. Appellant was and is a distributor of Mobil gasoline and the deed contained a provision that Mobil gasoline would be offered for sale on the conveyed property for a period of 20 years and in the event of a breach of that provision the grantor would have the right to repurchase the property for a price computed on a formula set out in the deed.

The property was subsequently conveyed to the appellees Richard and Ann Whittington and they executed a mortgage on it to the appellee Bank of Quitman. In January of 1981 the appellant brought suit against the Whittingtons and the bank, alleging a breach of the deed's provision to offer Mobil gasoline for sale and alleging a right to repurchase free and clear of the bank's mortgage lien.

The chancellor denied appellant the right to repurchase because he found the Whittingtons requested and were refused an allocation to sell Mobil gasoline but he found the provision valid and held that the Whittingtons must continue to use due diligence to obtain an operator's license to sell Mobil gasoline during the remaining period covered by the deed provision. The court also held that in the event appellant should become entitled to repurchase the property he would take it subject to the bank's mortgage.

Appellant's only argument on appeal is that the court should not have made any finding with regard to the bank's mortgage since no breach of the deed provision was found. We agree.

Before the adoption of Ark. Stat. Ann. §§ 34-2501 —34-2512 (Repl. 1962) authorizing the granting of declaratory judgments, our courts would not render advisory opinions entailing no other relief. *Johnson* v. *Robbins,* 223 Ark. 150, 264 S.W.2d 640 (1954). As stated in 10 Wright & Miller, *Federal Practice and Procedure* § 2751 (1973):

> The traditional and conventional concept of the judicial process has been that the courts may act only when a complainant is entitled to a coercive remedy, such as a judgment for damages or an injunction. Until a controversy had matured to a point at which such relief was appropriate and the person entitled thereto sought to invoke it, the courts were powerless to act.

After the adoption of our declaratory judgment act our court said the act "was not intended to allow *any* question to be presented by *any* person: the matters must be justiciable." *Andres* v. *First Ark. Development Finance Corp.,* 230 Ark. 594, 324 S.W.2d 97 (1959). In its opinion the court quoted from Anderson on *Declaratory Judgments* as follows:

> A declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events; the prejudice to his position must be actual and

genuine and not merely possible, speculative, contingent, or remote. 230 Ark. at 606.

Whether a breach of the deed provision in the instant case will occur in the future is surely speculative and whether such a breach would affect the bank's mortgage is certainly contingent upon the mortgage being in effect at that time. In *Diebold* v. *Civil Service Commission*, 611 F.2d 697 (8th Cir. 1979), the court held the mere threat that the commission's rules might someday be enforced against the plaintiff was not enough to authorize a declaratory judgment action. And in *Ashcroft* v. *Mattis*, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977), it was said:

> For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present rights upon established facts.

That part of the trial court's judgment which concerns the effect upon the bank's mortgage of a future breach of the deed provision is reversed.

COOPER and GLAZE, JJ., not participating.