BOB'S HOME SERVICE, INC., et al., Plaintiffs,

v.

WARREN COUNTY, et al., Defendants.

No. 83–1074C(4).

United States District Court, E.D. Missouri, E.D.

Aug. 25, 1983.
Second Order Dec. 22, 1983.

Chester A. Love, Daniel P. Card II, St. Louis, Mo., for plaintiffs.

Timothy Joyce and Charles Alan Seigel, St. Louis, Mo., for defendants.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on motions to dismiss, to abstain, and for sanctions.

Plaintiffs Bob's Home Service, Inc. and Laverne A. Zykan brought this action under 42 U.S.C. §§ 1983, 1985, and 1988 seeking damages and temporary and permanent injunctive relief as a result of defendants' alleged violation of civil rights guaranteed by the fifth and fourteenth amendments to the United States Constitution.

This case evolves from the actions of the defendants Warren County, Warren County Planning Commission, and Warren County Court in adopting an Official Master Plan for the development of Warren County, which limits the plaintiffs' waste disposal operations and other land uses. The plaintiffs also allege, *inter alia*, that the County lacks jurisdiction to adopt and impose regulations and restrictions governing the storage, treatment, and disposal of hazardous wastes, such regulations and restrictions having been preempted by State law and regulations; that the County lacks the authority to impose mandatory land use restrictions in the absence of voter approval for county-wide zoning; that the restrictions and regulations of the Official Master Plan are inconsistent and conflict with State law and regulations; that the restrictions and regulations of the Master Plan are arbitrary, capricious, and unreasonable; that the adoption and approval was done without proper notice or hearings in violation of MO.ANN.STAT. §§ 64.800–.840; and that the portion of the Master Plan requiring an applicant proposing to conduct and operate a hazardous waste facility in Warren County to prepare, at its expense, a "Community Impact Statement" constitutes the assessment and imposition of an unlawful license, tax, fee, or charge in violation of Article X, Section 22, of the Missouri Constitution. Subsequent to the plaintiffs filing this action, defendants filed an action in state court seeking a declaratory judgment based on the state law grounds herein.

The defendants move to dismiss alleging that the plaintiffs fail to state a claim upon which relief can be granted. The defendants maintain that this suit is premature, the plaintiffs having failed to demonstrate a present federal right of action. For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 465, 81 L.Ed. 617 (1937)).

> [T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, "concrete legal issues presented in actual cases, not abstractions," are requisite. This is as true of declaratory judgments as any other field. (Citations omitted.) The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (Citations omitted.)

*Vorbeck v. Schnicker*, 660 F.2d 1260, 1265 (8th Cir.1981) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969)).

No present federal rights of the plaintiffs are at stake. The plaintiffs cannot expand the use of their waste disposal facility until granted a permit by the state. The state has not yet granted a permit and

indeed may never do so. In the absence of a state permit there is not sufficient immediacy or reality to warrant the issuance of a declaratory judgment. In the absence of a state permit any opinion rendered by this Court would be upon a hypothetical basis. "Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 242, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). Accordingly, the defendants' motion to dismiss is granted.

The Court, realizing that the difference between an "abstract question" and a "controversy" is one of degree, would as an alternate ground dismiss this case in the exercise of its judicial discretion. Declaratory judgment jurisdiction, unlike jurisdiction in the ordinary civil action, is discretionary rather than mandatory. *A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); *United States Fidelity & Guaranty Co. v. Miller's Mutual Fire Insurance Company of Texas,* 396 F.2d 569 (8th Cir.1968). "Of course a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination. 'A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.' (Citation omitted.)" *Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962).

■ A court may dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681 (1967). "While a number of factors deserve consideration, no mechanical test can adequately guide the Court in its exercise of discretion because the balance of interests in each case must depend on the particular facts and issues involved. *Employers Mutual Casualty Co. v. Eldorado Springs R-2 School District,* 264 F.Supp. 669, 671 (W.D.Mo.1967). In this particular case the actual issue posed is can a local master plan limit expansion if an expansion permit is granted by the state. In addressing this the Court must necessarily delve into previously uninterpreted state statutes. The Court, cognizant that state courts have the first and last word as to the meaning of state statutes, *Public Service Commission,* 344 U.S. at 247, 73 S.Ct. at 242, and that a state action is currently pending in state court, feels that this case is proper for discretionary dismissal. The state has not issued an expansion permit. It may never issue an expansion permit. However, if it does a clear controversy exists. This controversy may be resolved by state law without ever having to address the constitutional issues involved. Furthermore, this case involves land use planning and hazardous waste disposal, issues of great import to local and state governing bodies in the exercise of police powers for the benefit of the general community.

■ Finally, even though the federal action was filed prior to the state petition, that fact alone is not controlling. Abstention by the federal courts is most appropriate in cases where the issue is of land use planning where sound public policy ought *first* to be developed by the states.

Accordingly, the defendant's motion to dismiss is granted.

### ORDER

In accordance with the memorandum filed this day and incorporated herein,

IT IS HEREBY ORDERED that the defendants' motion to dismiss is GRANTED.

IT IS ORDERED that the defendants' motion to abstain is DENIED AS MOOT.

IT IS FURTHER ORDERED that the defendants' motion for sanctions is DENIED AS MOOT.

### ORDER

Plaintiffs Bob's Home Service, Inc., and Laverne A. Zykan seek to have this Court vacate its previous Order of Dismissal and reconsider this matter, or in the alterna-

tive, amend the Order in various suggested ways. The Court, after careful review,

HEREBY ORDERS that its previous Order of August 25, 1983, is amended to specifically reflect a dismissal without prejudice, and

FURTHER ORDERS that in all other aspects plaintiffs' motion to amend judgment and for reconsideration is DENIED.