726 F.2d 446
 Michael PORTA, Appellant,
v.
Mayor BOYLE, City of Omaha; Gary Buchino, City Prosecutor;
Elwin Stokes, Acting Chief of Police; Officer
Ronald Cahow and Officer Virgil
Setterlund, Appellees.
 No. 83-2184.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1983.
Decided Feb. 7, 1984.
 
 Stephen L. Pevar, American Civil Liberties Union, Denver, Colo., Lenore Andrea Simon, Omaha, Neb., for appellant.
 Denise A. Hill, Omaha, Neb., for appellees.
 Before LAY, Chief Judge, BRIGHT, Circuit Judge, and HANSON, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff brought suit against, inter alia, the mayor of the City of Omaha, Nebraska, and two police officers for violating plaintiff's statutory and constitutional rights. Plaintiff challenges the constitutionality of Omaha's loitering and prowling ordinance, Omaha Municipal Code Secs. 20-171 to 174, under which he was arrested, as being unconstitutional on its face.[1]
 
 
 2
 A federal magistrate concluded that the Omaha ordinance was constitutional. The district court adopted the magistrate's findings, in substance, and entered judgment for the defendants. Plaintiff appeals from this judgment.
 
 
 3
 Between the date of the magistrate's decision and this appeal, the United States Supreme Court in Kolender v. Lawson, --- U.S. ----, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), found a loitering ordinance, similar to the one in the instant case, to be unconstitutional. We, therefore, remand this case to the district court for reconsideration in light of Kolender.
 
 
 4
 The individual defendants argue that this court should rule on their asserted defense of good-faith immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendants, however, raise this issue for the first time on appeal and we find that it more properly is considered by the district court on remand.
 
 
 5
 Defendants also contend that if they are immune from damages because of their good faith no case or controversy exists upon which plaintiff can predicate a demand for declaratory or injunctive relief. Cf. Ashcroft v. Mattis, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977). However, because we leave the issue of defendants' immunity to the consideration of the district court, we also request the district court to determine whether plaintiff has stated a case or controversy against the defendants.
 
 
 6
 We note, furthermore, that the question remains of whether the City of Omaha is joined as a party defendant. Declaratory relief may be available when a plaintiff demonstrates a genuine threat of enforcement of an allegedly unconstitutional statute. See Ellis v. Dyson, 421 U.S. 426, 432, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274 (1975); Steffel v. Thompson, 415 U.S. 452, 475, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). The record is not clear as to whether the city was properly named on the complaint and summons; however, the city attorney has defended the case and we find that no prejudice to the city would result if the plaintiff now is allowed to properly amend his complaint and join the city.
 
 
 7
 We, therefore, remand the case to the district court with the following instructions. First, plaintiff should be given leave to join the City of Omaha as a defendant; second, the individual defendants should be given leave to file motions for summary judgment based on their asserted defense of good-faith immunity; third, the court then should examine the posture of the case and determine whether a justiciable case or controversy exists; and fourth, if the court finds that a case or controversy exists, it should reevaluate the case in light of Kolender.
 
 
 8
 Costs are awarded to plaintiff.
 
 
 9
 Reversed and remanded.
 
 
 
 *
 The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 Plaintiff originally also alleged that the statute was unconstitutional as applied; however, prior to this appeal, that claim was dismissed on stipulation of the parties