Raymond HAISLAH, et al.,
Plaintiffs-Appellants,

v.

Albert WALTON, et al.,
Defendants-Appellees.

No. 83–3511.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 26, 1984.

Decided Nov. 26, 1984.

Roger D. Heller, Christopher D. Stanley (argued), Cleveland, Ohio, for plaintiffs-appellants.

John T. Doheny, Asst. Director of Law, Donald F. Black, Dale Kainski (argued), Cleveland, Ohio, for defendants-appellees.

Before CONTIE, Circuit Judge, PHIL-LIPS, Senior Circuit Judge, and GILMORE, District Judge.*

CONTIE, Circuit Judge.

Raymond Haislah appeals the district court's denial of declaratory relief. Haislah had requested a declaration that the written policies of the City of Cleveland that govern the use of deadly force by its police are unconstitutional. Because this request for declaratory relief does not, in the current posture of this case, present a case or controversy, we vacate the district court's judgment, which denied relief on the merits, and remand with instructions to dismiss.

This case has made its way to this court once before. A detailed recitation of the underlying facts may be found in our earlier decision. *See Haislah v. Walton*, 676 F.2d 208 (6th Cir.1982). For present purposes, it is sufficient to note the following.

In 1977, Haislah was shot and wounded by Albert Walton, a police officer of the City of Cleveland. Haislah then initiated this action under 42 U.S.C. § 1983 alleging a denial of his civil rights. He sought both monetary relief and the declaratory relief referred to above. The defendants, Walton, the City of Cleveland and the City's Police Department, pleaded self-defense. A jury returned a verdict for the defendants and the district court denied declaratory relief on the merits. On appeal, this court reversed and remanded for a new trial because of error in the instructions to the jury. *See id.* at 212–15. Although Haislah had also briefed the denial of declaratory relief, this court did not address that issue.

The second trial produced the same result on both the monetary and declaratory claims, the jury crediting the defendants' assertion of self-defense and the district court denying declaratory relief on the merits. Haislah now appeals only the denial of declaratory relief. The defendants argue that in this posture the case presents no justiciable controversy. This argument is well taken.

The Supreme Court addressed a nearly identical situation in *Ashcroft v. Mattis*, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977). In *Mattis*, the plaintiff's son was shot and killed by police officers and the plaintiff then brought a § 1983 suit for monetary and declaratory relief. *See id.* 431 U.S. at 171, 97 S.Ct. at 1739. The district court found that the defendants had a valid defense of good faith and denied all relief. *Id.* On appeal, the Eighth Circuit held that declaratory relief was available despite the plaintiff's abandonment of his monetary claim and remanded to the district court to determine whether the statutes authorizing the use of deadly force by police were constitutional. *Id.* at 171–72, 97 S.Ct. at 1739–40. On remand, the district court upheld the constitutionality of the statutes. The Eighth Circuit then reversed, holding the statutes unconstitutional. On appeal from the Eighth Circuit, the Supreme Court held that the case did not "present a live 'case or controversy.'" *Id.* at 172, 97 S.Ct. at 1740.

> This suit was brought to determine the police officers' liability for the death of appellee's son. That issue has been decided, and there is no longer any possible basis for a damages claim. Nor is there any possible basis for a declaratory judgment. For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." ... Here, the District Court was asked to answer the hypothetical question whether the defendants would have been liable apart from their defense of good faith. No "present right" of appellee was at stake.

*Id.* (citations omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–10, 103 S.Ct. 1660, 1665–1670, 75 L.Ed.2d 675 (1983).

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

Haislah seeks, similarly to the plaintiff in *Mattis*, a declaration of the legality of Walton's conduct had he not been acting in self-defense. It has been determined, however, that Walton was acting in self-defense and Haislah does not now challenge that determination. Haislah does not seek an application of legal principles to the historical facts which gave rise to this litigation; rather, he seeks an application of legal principles to a set of hypothetical or imaginary facts. Issuing general statements of law not tethered to any factual setting is a task which federal courts are neither empowered nor equipped to perform.[1]

For the foregoing reasons, the judgment of the district court denying declaratory relief on the merits is VACATED and the case is REMANDED to the district court with instructions to dismiss the request for declaratory relief.

---

1. At oral argument, counsel for Haislah suggested that this case is "capable of repetition, yet evading review." *See, e.g., Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973); *Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969). This argument is unavailing. Although this case may be "capable of repetition," there is no particular likelihood that future cases will evade review. Had Haislah not abandoned his request for monetary relief, this court would have been able to address the questions he now seeks to present. *See, e.g., Garner v. Memphis Police Department,* 710 F.2d 240 (6th Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 1589, 80 L.Ed.2d 122 (1984).