Rocco **SAVASTANO** and Alan Goodman, individually and on behalf of a class of plaintiffs similarly situated, Plaintiffs,

v.

Robert **ABRAMS**, as Attorney General of the State of New York, and Stephen F. Lungen, as District Attorney of Sullivan County, and as representative of a defendant class consisting of all District Attorneys of the Counties of New York State, Defendants.

No. 85 Civ. 7452–CSH.

United States District Court, S.D. New York.

Feb. 10, 1987.

Brian A. Sheridan, White Plains, N.Y., for plaintiffs.

Robert Abrams, Atty. Gen., Randolph Volkell, of counsel, for defendant Robert Abrams.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiffs bring this action for a judgment declaring unconstitutional New York General Business Law § 13 ("section 13"). Section 13 makes it a misdemeanor "maliciously" to cause legal process to be served on a Sabbatarian on a Saturday.[1] Plaintiffs contend section 13 violates the Establishment Clause of the First Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment. Defendants move to dismiss for lack of a justiciable case or controversy.[2] I agree that plaintiffs' claims are not justiciable and therefore dismiss the complaint.

Article III of the Constitution requires those who seek to invoke the jurisdiction of the federal courts to allege an

---

1. N.Y.Gen.Bus. Law § 13 provides:
   Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor.

2. Defendants move in the alternative to dismiss on the merits. Because I conclude that neither plaintiff presents a justiciable case or controversy, I do not reach the merits.

actual case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1664, 75 L.Ed.2d 675 (1983). Plaintiffs must show "a personal stake in the outcome of the controversy," *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), some personal "threatened or actual injury" resulting from the challenged action. *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). The "injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lyons, supra,* 461 U.S. at 102, 103 S.Ct. at 1665. "A person or family may have a spiritual stake in First Amendment values sufficient to give standing to raise issues concerning the Establishment Clause and the Free Exercise Clause," *Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 154, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970); but it must be concrete and personal, and amount to more than the "generalized interest of all citizens in constitutional governance." *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 217, 94 S.Ct. 2925, 2930, 41 L.Ed.2d 706 (1974). *See also Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 482–87, 102 S.Ct. 752, 763–66, 70 L.Ed.2d 700 (1982).

Accepting as true the material allegations of the complaint, *see Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), I hold that neither plaintiff satisfies the case or controversy requirement.

■ According to the complaint, plaintiff Savastano is a process server "who may be called upon from time to time to serve process on a Saturday on persons who observe that date [sic] as their Sabbath." (Complaint ¶ 6). However, Savastano does not allege that he has been prosecuted or even threatened with prosecution under section 13. He does not even allege that such a prosecution has ever occurred. Nor does Savastano allege that he plans or even wishes "maliciously" to serve process on a Sabbatarian on a Saturday. Savastano alleges no "real and immediate" threat of prosecution; his claim is entirely hypothetical. Therefore, it does not satisfy Article III. *See, e.g., Ashcroft v. Mathis,* 431 U.S. 171, 172–73, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977) (per curiam).; *Younger v. Harris,* 401 U.S. 37, 41–42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971); *Golden v. Zwickler,* 394 U.S. 103, 108–10, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969). *Compare Steffel v. Thompson,* 415 U.S. 452, 455–60, 94 S.Ct. 1209, 1213–16, 39 L.Ed.2d 505 (1974) (plaintiff who had twice before been warned to stop handbilling at shopping center, who had been told he was likely to be arrested if he continued handbilling, and whose companion was arrested for handbilling at the location had standing to challenge state statute criminalizing that behavior).

■ Goodman fails to state a justiciable claim for similar reasons. According to the complaint, plaintiff Goodman is a Jew "by upbringing ... whose invocation of General Business Law § 13, if he was served on a Saturday, would be challenged on the grounds of the extent to which he is a Saturday Sabbath observer, such as attending ceremonies, refraining from commerce or talking on the telephone, etc." (Complaint ¶ 7). This assertion is entirely speculative, and therefore fails to state a case or controversy under Article III.

In their memorandum of law in opposition to defendants' motion, plaintiffs assert that Goodman is a Jew who does not observe a Saturday Sabbath at all, and that Goodman and Savastano, a Christian, have standing to challenge section 13 "because it affords identifiable religious groups benefits not afforded plaintiffs." Pl. Mem. in Opp. at 12.

Assuming *arguendo* that this extra-pleading change of theory may properly be considered on this motion, plaintiffs still allege no "distinct and palpable injury." *Warth, supra,* 422 U.S. at 501, 95 S.Ct. at 2206. To be sure, a person denied government benefits based on an impermissibly drawn classification may claim standing to challenge that classification, even if the relief ultimately granted might not afford the plaintiff tangible rewards. *Heckler v. Mathews,* 465 U.S. 728, 738–40, 104 S.Ct.

1387, 1394–95, 79 L.Ed.2d 646 (1984). "[D]iscrimination itself, by perpetuating 'archaic and stereotypic notions' or by stigmatizing members of the disfavored group as 'inately inferior' and therefore less worthy participants in the political community, *Mississippi University for Women v. Hogan*, 458 U.S. 718, 725, 102 S.Ct. 3331, 3336, 73 L.Ed.2d 1090 (1982), can cause serious noneconomic injuries to those who are *personally* denied equal treatment solely because of their membership in a disfavored group." *Id.* at 739–40, 102 S.Ct. at 3343–44 (emphasis added).

■ As *Heckler* made clear, however, to claim standing to challenge an allegedly stigmatizing unconstitutional deprivation the plaintiff must have personally suffered unequal treatment. *Ibid.* Thus in *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), the Supreme Court held nonjusticiable claims by parents of black public school children that the Internal Revenue Service was improperly granting tax exempt status to certain segregated private schools. The Court held the parents lacked standing to assert the "claim of stigmatic injury, or denigration, suffered by all members of a racial group when the Government discriminates on the basis of race." *Id.* at 754, 104 S.Ct. at 3326. The Court distinguished *Heckler*, in which the plaintiff had applied for and been denied benefits allotted based on gender. *Id.* at 755, 104 S.Ct. at 3326 (citing 465 U.S. at 740–41, 104 S.Ct. at 1395–96).

■ Here, as in *Allen*, neither plaintiff alleges a personalized injury that distinguishes him in any way from his co-religionists. Neither alleges he has sought section 13's protections. *See, e.g., Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) (cited in *Allen, supra*, 468 U.S. at 737, 104 S.Ct. at 3315) (plaintiff lacked standing to challenge a club's racially discriminatory membership policy because he had never applied for membership). They have not shown that section 13 "adversely affects them in their daily lives." *Abortion Rights Mobilization, Inc. v. Regan*, 544 F.Supp. 471, 480 (S.D.N.Y.1982) and 603 F.Supp. 970, 972–73

(S.D.N.Y.1985) (clergy and religious-based organization that offered theologically-oriented counseling to those considering abortions sufficiently affected by alleged government endorsement of Roman Catholic position to claim standing to challenge government action). "Recognition of standing in [these] circumstances would transform the federal courts into 'no more than a vehicle for the vindication of the value interests of concerned bystanders …'" *Allen, supra*, 468 U.S. at 756, 104 S.Ct. at 3327 (quoting *United States v. SCRAP*, 412 U.S. 669, 687, 93 S.Ct. 2405, 2415, 37 L.Ed.2d 254 (1973)).

*Conclusion*

Defendants' motion to dismiss is granted. The Clerk is directed to dismiss the complaint without prejudice and without costs.

The foregoing is SO ORDERED.