**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3960

| | | |
|---|---|---|
| Greg Alan Cannon, on behalf of itself and all others similarly situated, | * * * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Garland County, Arkansas, on behalf of itself and all others similarly situated; Larry Selig, Garland County Sheriff, on behalf of himself and all others similarly situated; Roy L. Elliott, Lt. (#138) on behalf of himself and all others similarly situated; D. Breizledine, on behalf of himself and all others similarly situated; | * * * * * * * * * | Appeal from the United States District Court for the Western District of Arkansas.  [UNPUBLISHED] |
| Defendants, | * * | |
| State of Arkansas, Winston Bryant, | * * | |
| Intervenor below - Appellant. | * * | |

_____

Submitted: February 27, 1998
Filed: April 15, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
  Judges.

PER CURIAM.

The State of Arkansas appeals the District Court's ruling that the provisions of Ark. Code Ann. §§ 20-47-201 et seq. (Michie 1991), which set forth the time frames for filing involuntary civil commitment petitions and for holding hearings, are unconstitutional as they do not afford minimum due process to detainees. Because we conclude that Greg Alan Cannon lacked standing to bring a facial constitutional challenge to these statutes, we vacate the District Court's judgment insofar as it holds these statutes facially unconstitutional, and remand with instructions that the District Court dismiss the case for want of jurisdiction.

On Saturday, May 14, 1994, Garland County sheriff's deputies arrested Cannon, who had been firing his gun inside his mobile home, drinking heavily, and insisting he wanted to kill his estranged girlfriend and himself. The deputies decided to seek help for Cannon by committing him to a mental health treatment facility. They arrived at a detention center around 2:19 a.m. on Saturday, and a deputy then prepared a petition for Cannon's involuntary commitment. At 9:30 a.m., a mental health care professional evaluated Cannon and concluded he should remain in custody. The petition concerning Cannon was processed with the probate court on Monday morning, May 16. The probate court ordered that Cannon be evaluated again, and after this evaluation concluded that he should not be involuntarily committed. Cannon was released at 1:00 p.m. on Monday, approximately fifty-nine hours after he had been originally detained.

Cannon filed a complaint under 42 U.S.C. § 1983 (1994) against Garland County, Arkansas, the sheriff of that county, and a sheriff's deputy; Cannon unsuccessfully sought class certification. He claimed that he had been detained unconstitutionally for longer than forty-eight hours, and that Ark. Code Ann. § 20-47-210(a) is unconstitutional on its face, violating the Fourth and Fourteenth Amendments, because it permits a person to be detained for more than forty-eight hours before a

probable cause hearing is held. He requested declaratory and injunctive relief and damages.

Following a bench trial, the District Court determined that Cannon's due process rights had not been violated, and that as a matter of law his complaint against defendants lacked merit. The Court further concluded, however, to the extent the Arkansas statutes conflict with Wessel v. Pryor, 461 F.Supp. 1144 (E.D. Ark. 1978), the statutes are unconstitutional on their face. In Wessel, an Arkansas District Court approved procedures for involuntarily committing a person to an institution, which were to remain in effect "only until the effective date of legislation" addressing the subject.[1] See id. at 1145-46. Here, the District Court examined Wessel, found that the Arkansas statutes fail to afford minimum due process, and ordered that Wessel be "reaffirmed with the effect that the requirements laid down therein as the minimum necessary for the due process in involuntary civil commitment proceedings shall still be such until the Arkansas Legislature shall act." The State intervened, and on appeal challenges the District Court's decision that the statutes are unconstitutional on their face.

In every case before a federal court, standing is a threshold question, and appellate courts have the duty to scrutinize cases for jurisdictional defects. See United States v. Hays, 515 U.S. 737, 742 (1995). To invoke federal jurisdiction, a party must

---

[1]According to Wessel, when an allegedly mentally ill person is involuntarily confined under emergency circumstances, an initial petition for confinement must be filed within twenty-four hours following detention--excluding weekends and holidays-- and the detainee must be afforded an initial appearance in court within twenty-four hours of the petition's filing and a probable cause hearing within seventy-two hours of the initial appearance. Wessel, 416 F. Supp. at 1147. In 1979, relevant legislation was passed in Arkansas, and we note that under Ark. Code Ann. § 20-47-210(a)(1), a petition must be filed within seventy-two hours--excluding weekends and holidays-- after a person is detained, and a hearing must be held within three days--excluding weekends and holidays--of the petition's filing.

allege an actual case or controversy, demonstrating "a personal stake in the outcome" and showing he or she sustained or was "immediately in danger of sustaining some direct injury." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (quoting prior cases). The alleged injury must be "distinct and palpable," and likely to be redressed by a favorable decision. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 475 (1982) (internal quotation marks omitted); see also Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (noting no case or controversy exists when allegedly unconstitutional situation is "hypothetical or abstract"; plaintiff must show "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement").

Although Cannon clearly had standing to bring an "as applied" challenge to the Arkansas statutes at issue, we conclude he lacked standing to assert a facial constitutional challenge. We do not believe Cannon's facial challenge presented a case or controversy, as he failed to meet his burden of showing an actual or threatened injury that would likely be redressed by a favorable decision. See Lyons, 461 U.S. at 105-06 (concluding, although police officers applied "chokehold" to Lyons, he lacked standing to seek declaratory judgment or injunction barring police use of chokeholds; Lyons may have damages claim, but such does not establish real and immediate threat that he would again be stopped by officer who would illegally choke him; to establish controversy, Lyons must allege that he would have another police encounter and that all officers always choke citizens, or that City ordered officers to act in such manner); Ashcroft v. Mattis, 431 U.S. 171, 171-73 (1977) (per curiam) (concluding father seeking damages and declaratory judgment that statute authorizing police to use deadly force was unconstitutional lacked standing; although son had been killed while attempting to escape arrest and father had another son who might be "in danger of being killed," speculation is insufficient to establish present controversy); O'Shea v. Littleton, 414 U.S. 488, 493-96 (1974) (stating that, although some class members claimed to have suffered from unconstitutional practices, past exposure to illegal

-4-

conduct does not show present case or controversy regarding injunctive relief if unaccompanied by present adverse effects).

Accordingly, we vacate the District Court's judgment holding the statutes unconstitutional, vacate the order reaffirming the requirements of <u>Wessel</u>, and remand the case with instructions to dismiss the facial constitutional challenge for want of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.