**Darrell ARNETT, as Administrator for the Estate of Jenni Arnett, and all others similarly situated, Plaintiff**

**v.**

**Carole Keeton STRAYHORN, as Comptroller for the State of Texas, and the State of Texas, Defendants.**

**No. A–06–CA–059–SS.**

United States District Court,
W.D. Texas,
Austin Division.

July 26, 2006.

Robert L. Green, Jr., Howrey LLP, Washington, DC, Andrew J. Ryan, Patrick Salisbury, Salisbury & Ryan LLP, New York, NY, Lawrence Salisbury, Majors & Fox LLP, San Diego, CA, Jessica P. Wannemacher, Howrey LLP, Houston, TX, for Plaintiff.

Maureen Powers Office of the Attorney General Finance Division Austin, TX, for Defendants.

### ORDER

SAM SPARKS, District Judge.

Before the Court are Defendant's Motion and Brief for Summary Judgment, filed June 8, 2006[# 35]; Plaintiffs' Cross–Motion and Brief for Summary Judgment, filed June 20, 2006[# 36]; Appendix to Plaintiffs' Cross–Motion and Brief for Summary Judgment, filed June 20, 2006[# 37]; Plaintiffs' Brief in Response to Defendant Strayhorn's Motion for Summary Judgment, filed June 20, 2006[# 38]; Appendix to Plaintiffs' Brief in Response to Defendant Strayhorn's Motion for Summary Judgment, filed June 20, 2006[# 39]; Defendant Comptroller's Response to Plaintiff's Cross–Motion for Summary Judgment, filed June 27, 2006[# 40]; Defendant Comptroller's Reply to Plaintiff s Response to Defendant's Motion for Summary Judgment, filed June 27, 2006[# 41]; and Plaintiffs' Reply to Defendant Comptroller's Response to Plaintiff's Cross–Motion and Brief for Summary Judgment, filed July 11, 2006[# 42]. Having considered the motions, responses and replies thereto, the case file as a whole and the applicable law, the Court enters the following opinion and orders.

### I. Background

Plaintiff Darrell Arnett, as Administrator for the Estate of Jenni Arnett ("Arnett") filed this action on behalf of himself, and others similarly situated, against Defendants Carole Keeton Strayhorn ("Strayhorn"), in her official capacity as the Comptroller for the State of Texas ("Comptroller"), and the State of Texas. At issue is property the State of Texas holds pursuant to the Texas Unclaimed Property Law. This law requires various business organizations to report and deliver to the State Comptroller's office property considered to be unclaimed ("Unclaimed Property"). The Unclaimed Property consists of property owned by the business organization's clients or customers, for which there has been no activity for an extended period of time. TEX. PROP.CODE ANN. §§ 72.001–.103 & 73.002–.102 (Vernon Supp.2005).

Once delivered to the Comptroller, the statute requires the Comptroller to sell the Unclaimed Property. *Id.* § 74.401. The proceeds from the sale are deposited to the credit of the general revenue fund of the State of Texas. *Id.* § 74.601(b). The owners of the Unclaimed Property are entitled to submit a claim for return of the property at any time. If the State of Texas determines the claim is valid, the Unclaimed Property is returned, minus a handling fee if the property value exceeds $100. *Id.* § 74.501. A right of appeal is afforded any "person aggrieved by the decision of a claim filed" seeking the return of Unclaimed Property. *Id.* § 74.506.

Plaintiff alleges that, while held by the Comptroller, the Unclaimed Property generates revenue ("Revenue"). The Revenue generated may be in the form of interest, dividends or other appreciation. Plaintiff further asserts the Unclaimed Property generates millions of dollars of Revenue annually. (Plf.Compl.¶ 15). However, according to Plaintiff, when the Unclaimed Property is returned to the owner, the State of Texas generally does not return the Revenue generated. Rather, the State of Texas retains the Revenue and uses it for general public purposes. (*Id.* ¶¶ 16– 18).

Plaintiff asserts that, in his capacity as administrator for the estate of Jenni Arnett, he requested the return of $51,550.00, plus the interest thereon. The property had been held in trust by the State of

Texas since at least 1999, resulting from previously unclaimed shares of stock, originally held by Nationsbank of Georgia. Although the State of Texas returned the $51,550.00, Arnett never received the accrued interest. (*Id.* ¶ 7).

Plaintiff first asserts a cause of action for violation of the prohibition against the taking of private property for public use without just compensation contained in the Fifth Amendment to the United States Constitution, incorporated as to the State of Texas by the Fourteenth Amendment. (*Id.* ¶¶ 25–33). He further claims the conduct of Defendants violates Article I, Section 17 of the Texas Constitution. (*Id.* ¶¶ 34–40). Plaintiff also asserts claims for unjust enrichment and breach of fiduciary duty under Texas state law. (*Id.* ¶¶ 41–51). As relief, Plaintiff seeks the return of the Revenue generated by the Unclaimed Property, as well as an injunction prohibiting the State of Texas from retaining any Revenue in the future, a declaratory judgment decreeing the Unclaimed Property Law unconstitutional, and an accounting from the State of Texas regarding Revenue generated by the Unclaimed Property, as well as attorneys' fees under the Federal Declaratory Judgment Act. (*Id.* ¶¶ 20 & 52–62).

Defendant Strayhorn has now filed a motion for summary judgment. She argues this Court should dismiss this case for lack of jurisdiction because Plaintiff lacks standing. Plaintiff has filed a cross-motion for summary judgment in which he asks the Court to declare the Texas Unclaimed Property Law unconstitutional. The parties have filed responsive pleadings and the matters are now ripe for determination.

## II. Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, de-positions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The non-movant must respond to the motion by setting forth particular facts indicating there is a genuine issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir.2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

The parties may satisfy their respective burdens by tendering depositions, affidavits or other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992). Unsubstantiated or conclusory assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and thus are

insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994).

## III. Defendant's Motion for Summary Judgment

As an initial matter, the Court notes Plaintiff originally asserted this action on behalf of himself as well as others he asserted were similarly aggrieved by the Unclaimed Property Law. The undersigned, however, denied Plaintiff's motion for class certification by order dated May 16, 2006. By way of the same order, the Court also dismissed all of Plaintiff's claims for monetary relief.

Defendant now seeks dismissal of this action in its entirety. Strayhorn maintains the only relief sought by Plaintiff remaining in this action is for prospective injunctive relief. She further contends the Court concluded in its previous order Plaintiff has no standing to seek such relief. Defendant thus concludes this action should be dismissed for lack of jurisdiction.

As Defendant correctly points out, however, the Court has neither directly addressed, nor specifically rejected, his claim for declaratory relief. He argues his challenge to the constitutionality of the Texas Unclaimed Property Law is still at issue in this action. Arnett contends dismissal would be improper because he has standing to seek such relief. He further contends any prior conclusion to the contrary was incorrect and should be overruled.

█ The Declaratory Judgment Act allows a federal court "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The "case of actual controversy" requirement in section 2201 is identical to the "case or controversy" requirement in Article III. *Lawson v.*

*Callahan*, 111 F.3d 403, 405 (5th Cir.1997); *Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir.1989). If Plaintiff does not satisfy the requirement, this Court is without jurisdiction.

█ To have Article III standing, Plaintiff must meet three required elements: (1) he must have suffered an "injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) the injury is likely to be redressed by a favorable decision. *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir.2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). Further, where a plaintiff is seeking injunctive or declaratory relief, he must demonstrate there is a substantial likelihood he will suffer injury in the future. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir.2005); *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir.2003).

Plaintiff argues he satisfies the requisite standing on two bases. First, he argues he has an ongoing concrete monetary harm in the form of the Revenue generated by his Unclaimed Property which he characterizes as improperly held by Defendants. Arnett admits this argument is contrary to this Court's previous ruling finding his claim for monetary relief against Strayhorn barred by the Eleventh Amendment. He asks the Court to reconsider the ruling, find the State holds his property in trust, and reinstate his claim for monetary relief.

█ In making his request for reconsideration, however, Arnett cites to no new legal authority. Indeed, he concedes he makes no argument he has not previously presented the undersigned. Accordingly,

the Court declines to reconsider the prior ruling.

 Arnett further maintains the retention by the State of the Revenue constitutes an ongoing harm which declaratory relief would satisfy. Previously, in rejecting Plaintiff's motion for class certification, the Court stated:

Plaintiff does not, nor does the Court reasonably believe he can, contend he will be likely to have property subject to the Texas Unclaimed Property Law in the future. Absent any such allegations, this Court would lack jurisdiction to entertain, because Plaintiff lacks standing to assert, a claim for prospective injunctive relief. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) (plaintiff's assertion he may again be subject to illegal chokehold does not create actual controversy, absent sufficient likelihood he will again be wronged in similar way, plaintiff is not entitled to injunctive relief); *Golden v. Zwickler,* 394 U.S. 103, 109, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969) (plaintiff who was no longer likely to run for election had not presented case or controversy of "sufficient immediacy and reality" to allow declaratory judgment challenging constitutionality of statute prohibiting anonymous handbills directly pertaining to election campaigns); *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir.2005) (plaintiff lacked standing to seek prospective injunctive relief for a First Amendment violation where he has not shown or even alleged a likelihood of future harm by way of a real and immediate threat that defendants would violate his First Amendment rights in the future).

ORDER, 5/16/2006. Although the Court did not directly address Plaintiff's claim for declaratory relief in the prior ruling, the same analysis applies. To wit, to obtain equitable or declaratory relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Bauer,* 341 F.3d at 358 (citing *Ashcroft v. Mattis,* 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977)).

 Plaintiff does not disagree with the Court as to the unlikelihood of his having other property in the future subject to the Texas statute. Rather, he contends, without this Court declaring the Unclaimed Property Law unconstitutional, he cannot seek monetary relief "whether it be through the State administrative system, State courts, or otherwise." (Plf. Resp. at 3). Notably, however, Arnett wholly fails to explain why such a declaration is a necessary prerequisite to suit in state court. As noted above, the Unclaimed Property Law has both initial claim and appellate review provisions. TEX. PROP. CODE ANN. § 74.501 (governing filing of claim); *Id.* § 74.506 (granting right of appeal). Nothing in the statutory provision prevents assertion of a claim for the Revenue from Unclaimed Property in the state administrative process. Indeed, the statute specifically abolishes "the state's immunity from suit without consent" for appeals filed by way of suit in state district court, *Id.* § 74.506(b). Plaintiff has failed to establish he has suffered "an injury redressable by a judicial determination" as to the constitutionality of the Texas Unclaimed Property Law. *See Grant v. Gilbert,* 324 F.3d 383, 389 (5th Cir.2003) (where plaintiff was eligible to apply for state services at time of filing suit, judicial declaration of eligibility was unnecessary, depriving plaintiff of standing to seek such relief). He therefore lacks standing to seek declaratory or injunctive relief in this action. Accordingly, Strayhorn is entitled to summary judgment.

## IV. Plaintiffs' Cross–Motion for Summary Judgment

Plaintiff has also filed a cross-motion for summary judgment. He contends because the State takes only custody of, not title to, Unclaimed Property, the State's retention of the Revenue is an unconstitutional taking and violates due process. In light of the Court's conclusion that Arnett lacks standing to bring those claims, the Court need not, and indeed cannot, address the merits of Plaintiff's motion.

In accordance with the foregoing:

IT IS ORDERED that Defendant's Motion and Brief for Summary Judgment [# 35] is GRANTED; and

IT IS FURTHER ORDERED that Plaintiffs' Cross–Motion and Brief for Summary Judgment [# 36] is DENIED.

### *JUDGMENT*

BE IT REMEMBERED that on the *26th* day of July, 2006, the Court entered its order granting summary judgment on behalf of Defendant Carole Keeton Strayhorn, and thereafter enters the following judgment:

IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Darrell Arnett TAKE NOTHING in this cause against Defendants Carole Keeton Strayhorn, as Comptroller for the State of Texas, and the State of Texas, and that all costs of suit are taxed against Plaintiff Darrell Arnett, for which let execution issue.

IT IS FURTHER ORDERED that all pending motions are terminated.