NEWMAN, Circuit Judge,
dissenting.
The court today issues an advisory opinion on a non-issue as between the parties. It makes no difference what we hold as to whether this examiner in this case had the right to ask for a picture, for the applicant has provided a picture. The trademark is being examined, and the picture is not at issue. “The case has therefore lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.” Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). The appeal should be dismissed as moot. See Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (“The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.”); Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (advisory opinions are not within the purview of Article III).
The PTO informed the court of Trademark Application Serial No. 77/582,593, filed on September 30, 2008, to register the same mark, based on actual use with the same goods. A picture of the mark in association with the goods was filed — this is the requirement that is the subject of this appeal. The trademark Rules prohibit the registration of duplicate marks for the same goods, 37 C.F.R. § 2.48 (2009), yet Application No. 77/582,593 is undergo *1290 ing prosecution,[1] leaving the application here on appeal redundant. This court’s elaborate opinion is on a non-issue, for an absent controversy.
Our judicial attention on this appeal, to the right-or-wrong of the examiner’s request in this application for a picture showing the mark in association with the goods, has been overtaken by the voluntary act of the applicant in filing the application based on actual use, and supplying a picture, voluntarily. The applicant has removed the issue from controversy, rendering it moot. Mootness arises on “a case-by-ease judgment regarding the feasibility or futility of effective relief should a litigant prevail.” In re AOV Indus., Inc., 792 F.2d 1140, 1147-48 (D.C.Cir.1986). As to Mr. Sones’ intent-to-use application, no effective relief is feasible, or needed.
The application to register the mark based on actual use is receiving examination. Indeed, this court’s instruction as to what should be considered on remand of the application that is before us, such as whether the mark is merely ornamental, is the subject of examination in the concurrent application. The issue is the same, whether for intent to use or actual use. There remains no basis for appealing the intent-to-use application, when the applicant chose to file an application based on actual use. The question of whether a picture was properly required no longer has relevance to any relief available to this applicant. As the Court stated in Renne v. Geary, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991), “[cjoncerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so.” Even if we had the “power” to discuss this question, it is not in dispute.
My colleagues state their concern that if this appeal is dismissed, the applicant may lose a “constructive use” date for priority purposes. This speculative theory does not turn a dead question into a live controversy. No issue of priority is presented, and any ruling thereon would be dictum. The only question on appeal is the propriety of the examiner’s request for a picture. When the applicant chose to proceed by separate application based on actual use, and to file a picture, he averted any potential rejection on this ground. See Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (voluntary resolution of the disputed issue moots the appeal of that issue).
Indeed, if there were a sound reason for concurrent prosecution of this intent-to-use and the actual-use application for the same mark, I should be glad to know it. However, I can only speculate as to whether there may still be a reason why this appeal is not moot, for my colleagues on this panel have declined to issue an order inquiring of the parties. “Emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot.” Ashcroft v. Mattis, 431 U.S. 171, 173, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977).
In the posture of this case, the appeal is moot. From my colleague’s contrary ruling, I respectfully dissent.

. See hltp://tarr.uspto.gov/tarr?regser=serial & entry=77582593. Although the PTO stated in its brief that the application had been stayed, the public record shows continued prosecution, including an official action dated September 3, 2009, five days before this oral argument.