**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA HABETLER, | No. 14-56422 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01390-CAB-MDD |
| v. | |
| SYLVIA MATHEWS BURWELL, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted June 10, 2016
Pasadena, California

Before: KOZINSKI and WARDLAW, Circuit Judges, and KORMAN,** District
Judge.

Anna Habetler filed a lawsuit seeking declaratory and injunctive relief in
which she challenged a Medicare contractor's local coverage determination. The
challenge came after the administrative review process was exhausted. Subsequent

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

to filing her complaint in the district court, the local coverage determination was retired and thus was no longer in place. Because the parties failed to call this to the attention of the district judge, she was unaware of the fact that the dispute was mooted and that she was without jurisdiction. The district judge therefore went on to grant the defendants-appellees' motion for summary judgment. Indeed, the case was briefed by the parties without any mention of fact that the local coverage determination was no longer in place.

We raised the issue of mootness on our own motion and we now conclude that, because the local coverage determination has been retired, "there is nothing left to enjoin." See Arc of Cal. v. Douglas, 757 F.3d 975, 982 (9th Cir. 2014). A declaration that the local coverage determination would be invalid were it still in place would be an advisory opinion. See Ashcroft v. Mattis, 431 U.S. 171, 172 (1977) (per curiam). Because we cannot "grant 'any effectual relief,'" the case is moot. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

This case does not fall within the mootness exception reserved for cases that are capable of repetition yet evading review. When a Medicare contractor retires a local coverage determination under review by an administrative law judge, it "has the same effect as a decision" by an administrative law judge finding that the local

coverage determination is "invalid under the reasonableness standard." 42 C.F.R. §§ 426.420(a), 426.460(b); see also id. §§ 426.478, 426.488(b). And, once a local coverage determination is "found to be unreasonable," the contractor cannot reinstate it "unless the contractor has a different basis (such as additional evidence) than what the ALJ evaluated." Id. § 426.463. Although the contractor here did not retire the local coverage determination until after Habetler filed her lawsuit—rather than during the agency review process to which the above regulations apply—these regulations make clear that a contractor may not simply retire then reinstate a local coverage determination and thus evade review. Moreover, any future local coverage determination regarding transfer factor therapy would be subject to the same administrative review process as the one utilized here, the final result of which Habetler could likewise challenge in federal court.

Because the retirement of the challenged local coverage determination on January 1, 2012, mooted Habetler's lawsuit, the case was moot when the district court granted the defendants-appellees summary judgment on July 1, 2014. Thus, this appeal is dismissed as moot, and the judgment and order of the district court are vacated. The district court shall dismiss this action upon remand.

**DISMISSED AS MOOT.**