**Kenneth SALADIN, et al., Plaintiffs,**

v.

**CITY OF MILLEDGEVILLE,
Defendant.**

**Civ. A. No. 83–187–1–MAC.**

United States District Court,
M.D. Georgia,
Macon Division.

March 21, 1986.

Ralph S. Goldberg, Atlanta, Ga., for plaintiffs.

Charles A. Mathis, Jr., Milledgeville, Ga., for defendant.

### ORDER

OWENS, Chief Judge.

Attached to this order as Exhibit A is a sheet of the defendant City of Milledge-

ville's official stationery on which the controverted city seal is printed. Embossed thereon is the controverted city seal as used to authenticate documents. See affidavit of Martha Miller, City Clerk, March 19, 1986. The word Christianity is unquestionably illegible—unreadable, impossible to read, obscured, hard to make out—on both the printed and embossed seals.

■ In response to this court's order of February 20, 1986, the defendant City of Milledgeville has agreed to confine and limit the future use of its city seal to the authentication of documents and printing of official stationery. The defendant's city seal containing the word Christianity in legible form—readable, easily read, plain, visible—will no longer be used on the city water tank, the doors of city vehicles, employee uniform patches, or for any other purpose. The agreement of the defendant City to cease such uses of its seal removes from this case the question of and the controversy over whether or not the City of Milledgeville was violating the Establishment Clause of the First Amendment to the Constitution of the United States by using a city seal containing the word Christianity in legible form.

Article III of the Constitution of the United States limits the "judicial power" of the United States—this court's jurisdiction, power, and authority to act—to the resolution of "cases" and "controversies." Matters that are resolved or that have come to an end during litigation in a United States court, cease to be part of the "case" or "controversy" and become moot—unless such matters are "capable of repetition, yet evading review." *See Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.E.2d 147 (1973).

The plaintiffs do not even suggest that this court's failure to resolve the question of whether or not the former uses of the city seal are in violation of the Establishment Clause, will afford the City of Milledgeville the opportunity to again use its seal in such form and for such purposes and to evade review by this court of such use. Instead the plaintiffs, for a multitude of irrelevant, emotional reasons, simply want this court to decide whether or not the City's past but never to be repeated conduct was violative of their constitutional rights. As the Supreme Court of the United States said in *Ashcroft v. Mattis*, 431 U.S. 171, 173, 97 S.Ct. 1739, 1740, 52 L.E.2d 219, 222 (1977), "Emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot." The emotional involvement of these plaintiffs in this lawsuit is likewise not enough to make the City of Milledgeville's past but never to be repeated use of a city seal bearing the legible word Christianity, a "case" or "controversy" within this court's jurisdiction. That portion of this case has been disposed of by agreement of the defendant City. The plaintiffs' complaint is now therefore moot except as to the issue of the use of the city seal on stationery and to emboss documents. *See Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 777 F.2d 598 (11th Cir.1985).

The City has renewed its motion to dismiss for lack of standing. The court subsequently gave the parties notice that the motion to dismiss was converted into a motion for summary judgment. Memorandum to Counsel dated Mar. 4, 1986.

As stated in the court's order dated February 20, 1986, a plaintiff must " 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.' " *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979) ).

■ As already observed, it is clear beyond question that the word Christianity is illegible or unreadable on the printed and embossed city seals that the City of Milledgeville will hereafter use on its official stationery and for authenticating official documents. Equally clear and beyond question is that the individual plaintiffs

cannot be injured or harmed by the defendant City's said future use of its seal. They cannot be harmed by what they cannot read. Like the plaintiffs in *Valley Forge Christian College,* these plaintiffs are not now suffering any injury that invokes this court's jurisdiction.

Accordingly, defendant's motion to dismiss plaintiffs' complaint for lack of standing, treated as a motion for summary judgment, is hereby GRANTED.