Kenneth SALADIN; C. Diane Saladin; Thelma Guaetta, Frampton K.C. Smith, Plaintiffs-Appellants,

v.

CITY OF MILLEDGEVILLE, Defendant-Appellee.

No. 86-8265.

United States Court of Appeals, Eleventh Circuit.

March 17, 1987.

⚖103.2

Ralph Goldberg, Atlanta, Ga., for plaintiffs-appellants.

Charles A. Mathis, Jr., Milledgeville, Ga., for defendant-appellee.

Before FAY and JOHNSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This is an appeal from the district court's grant of summary judgment in favor of the defendant-appellee City of Milledgeville, 630 F.Supp. 344 (MD Ga.1986). The district court dismissed the plaintiffs-appellants' constitutional challenge to the City's official seal as a violation of the Establishment Clause of the First Amendment on grounds that the plaintiffs lacked standing to bring the challenge. We reverse the district court's ruling on standing and remand the case for trial on the merits of the constitutional claim.

### I.

The City of Milledgeville has used a city seal to authenticate official documents since at least 1912. In more recent years the seal has been printed on city stationery, painted on the doors of some city vehicles, and placed on the shoulder patches of some city uniforms. In addition, the seal was painted on the city water tank in 1984, after the commencement of the instant lawsuit.[1]

The seal is circular, surrounded by a braided border. The words "City of Mil-

---

1. The district court stated it could only conclude that the City was "unnecessarily flaunting the seal" by painting it on the water tank *after* the lawsuit was filed.

ledgeville" are printed in block letters along the top two-thirds of the seal. The date "1803" appears in the same size letters along the bottom. In the center of the seal appears a winged figure, bearing a banner on a pole. The words "Liberty" and "Christianity" are inscribed on the banner.

In May 1983 several residents in and around Milledgeville filed suit in United States District Court against the City of Milledgeville, contending that the use of the word "Christianity" on the city seal violated the Establishment Clause of the United States Constitution. Appellants Kenneth and Clara Saladin reside in Baldwin County, Georgia, outside the Milledgeville city limits. Both shop in Milledgeville and pay a 1% sales tax to the City on all of their purchases.[2] Kenneth Saladin has been active in various civic organizations in Milledgeville, most notably the Big Brothers and Big Sisters Association of the Milledgeville Area. Appellant Thelma Guaetta resides in the City of Milledgeville and pays city property taxes in addition to city sales taxes. Thelma Guaetta, like Kenneth Saladin, has participated actively in civic organizations in Milledgeville. Appellant Frampton K.C. Smith also lives in Milledgeville and pays city sales taxes, but does not pay city property taxes.

The appellants' complaint alleged that the city seal denigrated their personal and philosophical beliefs and made them feel like second class citizens. The complaint also alleged that the City's display of the seal constituted impermissible use of municipal tax revenues to promote a particular religion. The appellants sought to enjoin the City from any further use of the seal.

The City moved to dismiss the complaint on grounds that the lawsuit did not present a justiciable case or controversy because the plaintiffs lacked the requisite standing. On February 20, 1986, the district court

entered a preliminary order denying the motion to dismiss. In the preliminary order, the court held that the plaintiffs had standing to challenge the display on the seal on the City's water towers and vehicles, but that they would *not* have standing if the City limited its use of the seal to embossing official documents and printing it on city stationery. The court then directed the City to inform it within two weeks whether the City wished to confine the seal's use to government stationery and embossing documents, or whether it wished to display the seal elsewhere as well and risk having it declared unconstitutional.

The City took up the district court's invitation. On February 28, 1986, it advised the court that the City would limit the use of the seal to city stationery and embossing official documents. It further represented to the court that the seal would not be used in any other fashion, and that the City would remove the seal from all city vehicles, uniforms, and the water tank within fourteen days. The City also renewed its motion to dismiss for lack of standing.

On March 21, 1986, the district court granted the City's motion, treating it as a motion for summary judgment, and dismissed the case. The court held that 1) it could not pass on the constitutionality of the display of the seal on the water tower, uniforms and vehicles because those issues were moot, and 2) the plaintiffs were unable to show standing to challenge the only remaining uses of the seal. The appellants filed a timely notice of appeal.

## II.

The primary issue in this appeal is whether the district court correctly concluded that the appellants lacked standing to challenge the display of the seal on city stationery and to emboss official documents.[3] The court found that, when the

---

2. Kenneth Saladin estimated that he pays approximately $250–$300 per annum to the City of Milledgeville in sales tax.

3. Appellants argue that they have standing under two distinct theories: 1) non-economic standing under *Valley Forge* and *Rabun County,* discussed *infra,* and 2) municipal taxpayer

standing. Our resolution of the question of non-economic standing makes it unnecessary for us to examine appellants' claim to municipal taxpayer standing.

seal was imprinted on the city stationery or used to emboss documents, the word "Christianity" was completely illegible. Given that the offensive portion of the seal was unreadable, the court reasoned that the appellants could not establish that its display caused them any injury.

■ Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" or "controversies".[4] *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982); *Lynch v. Baxley,* 744 F.2d 1452, 1455 (11th Cir.1984). As part and parcel of the case or controversy requirement, a litigant must have "standing" before he may bring a lawsuit in federal court. *Valley Forge Christian College, supra,* 454 U.S. at 471, 102 S.Ct. at 757; *Lynch v. Baxley, supra,* 744 F.2d at 1455; *American Civil Liberties Union of Georgia v. Rabun County Chamber of Commerce,* 698 F.2d 1098, 1104 (11th Cir. 1983). The essence of a standing question is whether the plaintiff has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]" *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

■ The Supreme Court has developed an analysis for standing issues which is comprised of both "constitutional" and "prudential" requirements. To satisfy the "irreducible" constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action. *Valley Forge Christian College, supra,* 454 U.S. at 472, 102 S.Ct. at 758; *Duke Power Company v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 72, 80–81, 98 S.Ct. 2620, 2629, 2634, 57 L.Ed.2d 595 (1978); *Church of Scientology Flag Service Org. v. City of Clearwater,* 777 F.2d 598, 606 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1973, 90 L.Ed.2d 656 (1986); *Rabun County Chamber of Commerce, supra,* 698 F.2d at 1104. The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as "prudential" considerations. *See Valley Forge Christian College, supra,* 454 U.S. at 471, 474, 102 S.Ct. at 757, 759; *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99–100, 99 S.Ct. 1601, 1607–08, 60 L.Ed.2d 66 (1979). Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *Allen v. Wright, supra,* 468 U.S. at 751, 104 S.Ct. at 3325; *Valley Forge, supra,* 454 U.S. at 474–75, 102 S.Ct. at 759–60; *Gladstone, Realtors, supra,* 441 U.S. at 100, 99 S.Ct. at 1608.

■ The standing issue in this case focuses on the appellants' ability to show that they personally suffered some actual or threatened injury resulting from the City's use of its seal on its stationery and official documents.[5] The courts have at-

---

4. Determination of a litigant's standing to sue is a preliminary jurisdictional matter which should be determined on the allegations of the complaint without consideration of the likelihood of the litigant's success on the underlying merits of the case. *See Warth v. Seldin,* 422 U.S. 490, 498, 500, 95 S.Ct. 2197, 2204, 2205, 45

L.Ed.2d 343 (1975); *Yoder Brothers, Inc. v. California-Florida Plant Corp.,* 537 F.2d 1347, 1359 (11th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 540 (1977).

5. The district court did not find that the appellants would be unable to satisfy the other standing requirements, including the prudential con-

tempted to define the "admittedly" imprecise concept of injury by describing it as an "injury in fact" that is "distinct and palpable", not "abstract", "conjectural" or "hypothetical". *See Allen v. Wright, supra,* 468 U.S. at 751, 104 S.Ct. at 3325 (and cases cited therein). There is no minimum quantitative limit required to show injury; rather, the focus is on the qualitative nature of the injury, regardless of how small the injury may be. *See United States v. SCRAP,* 412 U.S. 669, 689 n. 14, 93 S.Ct. 2405, 2417 n. 14, 37 L.Ed.2d 254 (1973) ("identifiable trifle" sufficient injury to establish standing); *Rabun County, supra,* 698 F.2d at 1108; *accord Action Alliance of Senior Citizens v. Heckler,* 789 F.2d 931, 937 (D.C.Cir.1986).

As this court recognized in *American Civil Liberties Union v. Rabun County, supra,* the concept of injury for standing purposes is particularly elusive in Establishment Clause cases. 698 F.2d at 1102; *accord American Civil Liberties Union v. City of St. Charles,* 794 F.2d 265, 267–68 (7th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 458, 93 L.Ed.2d 403 (1986). The Supreme Court attempted to shed light on this question in its most recent pronouncement on standing in Establishment Clause cases, *Valley Forge Christian College v. Americans United for Separation of Church and State, supra.* In *Valley Forge,* the Supreme Court denied standing to an organization dedicated to the separation of church and state that attempted to challenge the transfer of surplus federal property to an educational institution affiliated with a particular religious order. The plaintiffs learned about the conveyance through a press release; none of them lived in or near Pennsylvania, the site of the property at issue.

The Supreme Court held that the plaintiffs failed to identify a personal injury suffered as a result of the allegedly unconstitutional transfer. The Court held it was not enough for a litigant to claim that the Constitution has been violated; he or she must also identify a personal injury suffered as a consequence of the violation beyond the psychological consequences of observing conduct with which he or she disagrees. 454 U.S. at 484–85, 102 S.Ct. at 765. Since the plaintiffs did not live near the property at issue or allege that its transfer to the school affected them directly in any way, they failed to establish standing. The Court expressly held, however, that standing *can* be predicated on non-economic injury, so long as it is a direct, personal injury. *Id.* at 486 & n. 22, 102 S.Ct. at 766 & n. 22; *see also School District of Abington Township v. Schempp,* 374 U.S. 203, 224 n. 9, 83 S.Ct. 1560, 1572 n. 9, 10 L.Ed.2d 844 (1963).

■ The City contends that the district court correctly held that the appellants failed to establish that they are injured by the seal's use because the seal no longer bears the allegedly offensive word in legible form. The City argues that the appellants cannot show that they have been injured because they cannot read the word "Christianity" on the seal as it is presently used.[6]

We reject the City's contention.[7] First, as a preliminary matter, we reject the notion that the illegibility of the word "Christianity" on the seal as it is presently used means that these plaintiffs cannot have suffered and will not in the future suffer any injury from its use. Although the district court and the City equate the illegibility of the offensive word with the complete absence of the offensive word from the city seal, the fact is that the word *is* still part of the seal. While an uninformed bystander observing the seal would not

---

siderations, nor does the appellee contend on appeal that the other requirements are not satisfied. Furthermore, the record before this Court clearly reflects that the appellants satisfy the remaining requirements.

**6.** Appellants dispute the district court's conclusion that the word is in fact illegible. For present purposes, however, we will assume that

the word "Christianity" is in fact illegible on the stationery and on an embossed seal.

**7.** Appellees also argue that the seal's illegibility renders the controversy moot. We reject that argument as well on the same rationale that we reject the argument that the seal's illegibility deprives the appellants of standing.

know that the seal bears the word "Christianity", the focus of a standing inquiry is the personal injury to the particular litigants before the court. When these particular appellants see the smudge on the seal, they know that the smudge is the word "Christianity", regardless of whether they can actually read the word. The fact remains that the word "Christianity" with all of its connotations is part of the official city seal, and these appellants are reminded of that fact every time they are confronted with the city seal—smudged or not smudged.

Our analysis of the standing issue in this case does not, however, end with our conclusion that the district court erred in finding that appellants' inability to actually read the word "Christianity" disposed of the standing issue. The appellants must still establish that the City's use of the seal on its stationery and to emboss official documents "injures" them. The resolution of this question is in many ways a revisitation to a 1982 case decided by this Circuit, *American Civil Liberties Union of Georgia v. Rabun County Chamber of Commerce, supra.* In that case, we held that two citizens of the state of Georgia had standing to challenge a large illuminated cross located in Black Rock Mountain State Park in Georgia.[8] 698 F.2d at 1108. We found that the plaintiffs, who were campers, were injured by the cross's presence in the park because it inhibited their ability to use and enjoy the park. In addition, we found "spiritual injury" to at least one plaintiff in that he operated a summer camp which looked out on the cross and was consequently forced to view the cross continually while on the summer camp grounds.

The *Rabun County* court distinguished *Valley Forge* by pointing to the total lack of connection between the plaintiff, the separatist organization, and the subject matter of the action, the surplus property. None of the members of the plaintiff organization in *Valley Forge* used or lived near the property at issue or were affected in any way by its transfer of ownership. In *Rabun County,* however, two of the plaintiffs were campers who regularly camped at other state and federal parks in Georgia but were unwilling to camp in Black Rock Mountain State Park so long as the cross was present, and another operated a summer camp which faced the cross.

The injury alleged by the appellants here is similar to the type of injury in *Rabun,* except that in this case the appellants are forced to look at the word Christianity on official municipal papers rather than at a lighted cross on a hillside in a state park. As the Supreme Court made clear in *School District of Abington Township v. Schempp, supra,* a non-economic injury which results from a party's being subjected to unwelcome religious statements can support a standing claim, so long as the parties are "directly affected by the laws and practices against whom their complaints are directed." 374 U.S. at 224 n. 9, 83 S.Ct. at 1572 n. 9; *see Valley Forge, supra,* 454 U.S. at 486 n. 22, 102 S.Ct. at 766 n. 22; *Rabun County, supra,* 698 F.2d at 1107–08. In *Schempp,* the Court upheld a challenge by parents of schoolchildren to Bible reading in school where the children were forced to sit through the readings or else not attend school.

Here, like *Rabun County* and *Schempp* (and unlike *Valley Forge*), the appellants come into direct contact with the offensive conduct. The affidavits accompanying the opposition to the City's summary judgment motion establish that at least three of the plaintiffs regularly receive correspondence on city stationery bearing the seal from the City's Water Works, and at least two of the plaintiffs are active in civic organizations which received proclamations from the Mayor's office embossed with the seal and were present at the presentation of the proclamations. The complaint asserts that the presence of the word on the seal offends the appellants because the seal represents the City's endorsement of Christianity and thus makes the appellants feel like

---

**8.** The cross measured 26 feet by 35 feet and was situated on a hillside so that it was visible for miles around. 698 F.2d at 1101. When the cross was illuminated at night, it flooded both camping areas in the park with light. *Id.*

second class citizens. The message communicated by the seal, appellants assert, is that the Christianity is the "litmus test" of being a "true" citizen of Milledgeville.[9]

The plaintiffs here, unlike the plaintiffs in *Valley Forge*, clearly have more than an abstract interest in seeing that the City of Milledgeville observes the Constitution: they are part of the City and are directly affronted by the presence of the allegedly offensive word on the city seal. We follow the courts in *Abington Township v. Schempp, supra*, and *Rabun County, supra*, and hold that the appellants in this case have standing to challenge the constitutionality of the City's use of its seal on official stationery and to emboss official documents.

## III.

Appellants also argue that the district court erred in refusing to decide the merits of the portions of the plaintiffs' complaint which challenged the display of the city seal on the City's water tank, vehicles, and uniforms. The district court concluded that those claims were moot by virtue of the City's voluntary agreement to remove the seal everywhere except from the city stationery and official city documents. We agree with the district court.

The Constitution limits the exercise of judicial power to actual cases and controversies. U.S. Const. art. III, § 2. An action that has become moot does not present a justiciable case or controversy within the meaning of Article III. *Ashcroft v. Mattis*, 431 U.S. 171, 172–73, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977); *Church of Scientology Flag Service Org., supra*, 777 F.2d at 604. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *Church of Scientology Flag Service Org., supra*, 777 F.2d at 604 n. 21.

The controversy regarding the City's display of the seal on the water tank, city vehicles and uniforms is indeed moot. The City is no longer displaying the seal at the challenged locations and has promised not to display them there again in the future. As a consequence, there appears to be no remaining effect of the alleged violation regarding the display of the seal in those particular locations, nor does there appear to be any basis for believing that the City will break its word. There is nothing left for the court to do on those claims except declare that the practices are unconstitutional for the principle of the matter. Principle alone unaccompanied by a live case or controversy does not present a justiciable claim. *Ashcroft v. Mattis, supra*, 431 U.S. at 173, 97 S.Ct. at 1740. The controversy regarding the display of the seal on city stationery, official documents, or anywhere else the seal continues to be displayed, however, is *not* moot.

## IV.

Given our conclusion that the appellants have standing to bring a challenge to the current uses of the city seal, the question of the seal's constitutionality under the Establishment Clause remains to be decided. Since this case was submitted and decided by the district court on a motion for summary judgment, it is inappropriate that we now reach and decide the merits of the constitutional claim. We therefore remand

---

9. Appellants also argue that they have been "injured" because they have received various forms of harassment from the citizens of Milledgeville since instituting this lawsuit, ranging from death threats and attempts to get some of the plaintiffs fired from their jobs to hostile and abusive mail. While the hostile response of the citizens of Milledgeville to an attack on their city seal lends some credence to the appellants' claim that the seal enforces the idea that Christianity is the litmus test for true citizenship of Milledgeville, it has nothing to do with their standing claim. Injury flowing from the institution of a lawsuit to challenge the seal is not the same as injury flowing from the seal itself. The standing inquiry focuses only on injury caused by the offensive act or practice, which in this case is the use of the city seal on official city documents.

the case for trial on the merits under the principles of Establishment Clause law articulated by the Supreme Court in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), and by this Circuit in *Rabun County, supra,* 698 F.2d at 1109 *et seq.* Accordingly, the district court's opinion is REVERSED AND REMANDED.