Kenneth S. SALADIN, C. Diane Saladin, Thelma G. Guetta, and Frampton K.C. Smith, Plaintiffs,

v.

THE CITY OF MILLEDGEVILLE, Defendant.

No. C.A. 83–187–1–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

Oct. 16, 1992.

Ralph S. Goldberg, Atlanta, Ga., for plaintiffs.

Kenneth Saladin, pro se.

Charles A. Mathis, Jr., Milledgeville, Ga., for defendant.

Marc D. Stern, pro se.

## ORDER

OWENS, Chief Judge.

This civil action was remanded by the United States Court of Appeals for the Eleventh Circuit for further proceedings and the entry of findings of fact and conclusions of law to resolve the contention of plaintiff Kenneth S. Saladin that dismissal of this civil action with prejudice on account of settlement was not proper. On April 30, 1992, an evidentiary hearing was held. A transcript of that hearing having

now been filed, the following constitute the court's findings of fact and conclusions of law. Rule 52, Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. From the inception of this civil action in 1983 until February, 1990—more than one year after the settlement under attack was concluded—Ralph S. Goldberg, Esq., an experienced civil rights lawyer, represented the plaintiffs Kenneth S. Saladin, C. Diane Saladin (wife of Kenneth S. Saladin), Thelma G. Guetta, and Frampton K.C. Smith.

2. Mr. Goldberg was retained and instructed solely by plaintiff Kenneth S. Saladin acting individually and as agent for plaintiffs Mrs. Saladin, Ms. Guetta, and Mr. Smith during the entire time that Mr. Goldberg represented the plaintiffs.

3. After remand from the Eleventh Circuit Court of Appeals· this case was assigned to be tried on January 23, 1989. That trial assignment caused Ralph Goldberg, as counsel for the plaintiffs, and Charles Mathis, as attorney for the defendant, to discuss the possibility of disposing of the case by settlement instead of by trial.

4. A series of telephone conversations ensued between Messrs. Goldberg and Mathis. The attorneys proposed that the case be disposed of by the issuance of a press release. The actual wording of that press release was then discussed back and forth over the telephone. The wording proposed by each attorney was submitted to and approved by Kenneth S. Saladin in behalf of the plaintiffs and by the Mayor and Members of the City Council of the City of Milledgeville for the defendant. It was ultimately thereby agreed by the attorneys for the parties with the prior specific approval of the parties that this civil action would be settled by the issuance of a press release.

5. The following press release excepting only the underlined portion, is the exact wording approved and agreed to by the attorneys for the parties with the prior specific approval of the parties:

The lawsuit in the case of *Saladin, et al. v. City of Milledgeville,* challenging the use of the City seal was filed in May of 1983. The suit claimed that the use of the word 'christianity' on the City seal violated the First and Fourteenth Amendments to the U.S. Constitution. The City moved to dismiss the suit in the District Court and vigorously defended this lawsuit.

However, on February 20, 1986, the District Court entered a Preliminary Order wherein the Court held that the Plaintiffs were injured by the display of the City seal on City vehicles and the water tower, but the District Court stated that if the City limited its use of the seal to embossing documents and use on City stationery, that such limited use would be permissible.

In light of the District Court's ruling the City agreed and stipulated to return to previous limited use of the seal for embossing documents and use on the City stationery. On February 28, 1986, the City of Milledgeville removed the City seal from all City vehicles, uniforms and the water tower and limited its use to embossing official documents.

The United States Court of Appeals for the Eleventh Circuit on March 17, 1987 [812 F.2d 687], reversed the District Court's ruling and held that even the use of the seal for embossing official documents may be actionable. The Eleventh Circuit made this ruling even though it was clear that when the City used the seal to emboss documents the word 'christianity' could not be seen or read. Simply put, time has rendered the word 'christianity' unreadable on the present seal. When the embossing seal is used to emboss documents the word 'christianity' cannot be read.

Accordingly, in order to hopefully bring an end to litigation over the word 'christianity' that now cannot be read, and in light of the adverse ruling of the

Eleventh Circuit implicity (sic) if not explicitly forbidding the use of such word, although the City disagrees with the Eleventh Circuit's ruling, the City of Milledgeville officially announces that it will not repair the City seal and that the word 'christianity' will not appear in the future on the embossing seal or on City stationery. Nor shall its presence on the embossing seal or City stationery be inferred or presumed. (emphasis added).

6. The underlined words "although the City disagrees with the Eleventh Circuit's ruling" were added. There is no contention by the plaintiffs that the addition of those words materially altered the agreed-upon press release. The parties, therefore, during the April 30, 1992, hearing did not inquire into the question of who added those words or why they were added.

7. On January 24, 1989, the agreed-upon news release was delivered to the press at a press conference. At about the same time the court was advised of the settlement.

8. On January 25, 1989, the *Macon Telegraph and News* published a story entitled "Milledgeville Strikes Deal On Seal," plaintiffs' Exhibit 6—copy attached—which includes comments by the attorney for the defendant and comments by the attorney for the plaintiffs, but does not include the wording of the agreed-upon press release.

9. Feeling that the *Macon Telegraph and News* story and counsels' published comments did not accurately advise the public of the agreed-upon news release, plaintiff Kenneth Saladin decided to disavow the agreed-upon settlement but did not advise the court of his decision.

10. The attorneys for the parties did not submit an order of dismissal. About one year later the court inquired as to the status of the matter. As a result of letters received from Messrs. Goldberg and Mathis the case was dismissed with prejudice on account of settlement by order dated January 9, 1991.

11. The only plaintiff who contended that this case was not settled by the attorneys for the parties and who appealed to the Eleventh Circuit Court of Appeal is Kenneth S. Saladin. The other three named plaintiffs filed no appeal and have in no way attacked the order of dismissal on account of settlement.

12. The January, 1990, settlement discussions did not encompass the question of payment of attorney's fees. The defendant city has agreed to pay plaintiffs' attorney, Mr. Goldberg, an amount satisfactory to Mr. Goldberg for his attorney's fees. Attorney's fees are, therefore, not an issue before the court.

## CONCLUSIONS OF LAW

1. Possessed of actual authority to enter into a settlement agreement, the terms of which plaintiff Kenneth S. Saladin specifically agreed to for himself and his fellow plaintiffs, plaintiffs' attorney settled this entire civil action. This court has the inherent power and the duty to enforce that settlement. *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118 (11th Cir.1991).

2. The settlement discussions contemplated that the agreed-upon press release would be disseminated to the press and the public as written. Due to circumstances beyond the control of counsel the exact language of the press release was not included in the only newspaper story that has been submitted to the court. To remedy this deficiency and to cause the dissemination to the public that did not occur to now occur, the court, in the exercise of its power to enforce this settlement agreement, believes it appropriate to cause the publication of the agreed-upon news release.

3. On Saturday, October 24, 1992, and Saturday, October 31, 1992, the defendant shall cause said news release with said underlined words deleted therefrom to be published in a full page advertisement in *The Union Recorder* at the expense of the defendant. The content of that advertise-

**1550**

ment shall be as agreed to by Kenneth S. Saladin for the plaintiffs and Charles Mathis, Esq. for the defendant. Any dispute as to the content of said advertisement shall be submitted to and decided by the court.

4. This civil action has been SETTLED in its entirety and remains DISMISSED with prejudice.

SO ORDERED.

## EXHIBIT

JANUARY 25, 1989 — GEORGIA E_ ' ON ⁴ SECTIONS.— 32 PAGES - ᴸᵇᶜ

PLAINTIFFS
EXHIBIT
6

# Milledgeville strikes deal on seal

**By Carl Elmore**
*Macon Telegraph and News*

MILLEDGEVILLE – A 6-year-old constitutional court battle over the boundaries of church and state ended somewhere in the small print Tuesday.

Milledgeville City Attorney Charles Mathis announced Tuesday that the federal court fight started in 1983 over the word "Christianity" in the city's official seal had been settled.

The word will remain on the city seal But it will appear tiny and illegible, and the city will do nothing to advertise the unreadable smudge as the word "Christianity," Mathis said.

"The passage of time has shown the parties that what we are litigating is a word that can't be read," he said.

The case had been scheduled for trial today before U.S. District Court (See SEAL, page 8A)

## Seal From page 1A

Judge Wilbur Owens.

The widely publicized case began in 1983 when Ken Saladin, a Georgia College biology professor, and several others challenged the use of the word "Christianity" as it appeared on the city seal Saladin maintained use of the word in the seal sanctioned one religion over others, and violated the constitutional provision separating church and state.

The seal appeared on a water tower and city vehicles, and was readable there.

In February 1986, Judge Owens ordered the seal removed from its public displays on the water tower and vehicles, but allowed its continued, shrunk use on official documents and stationery. Owens limited the use of the seal but did not decide the constitutional question.

Saladin appealed, but the city argued the seal -- first used around 1912 -- was so small on its stationery and other documents that it could not be read. However, the 11th Circuit Court of Appeals in March 1987 ordered the case tried again.

Saladin described himself as a secular humanist in October 1987 after being forced to resign his position as a Cub Scout leader because he could not agree to a statement of religious principle.

"I don't know of any secular humanists who aren't atheists," he said then.

Attorney Ralph Goldberg of Atlanta, who represents Saladin, said Tuesday night that the settlement reflects the 1987 Appeals Court opinion

"Everybody agrees you can't read it," Goldberg said "Everybody agrees that the court implicitly, if not explicitly, said that it could not be there.

"Everybody agrees that the seal is' not going to be repaired so that you can read it. And everybody agrees that the presence of the word 'Christianity' shall not be inferred or presumed."

Mathis said Tuesday, "As far as I'm concerned, it's not there any more. You can't read it. You can't see it. The word 'Christianity' doesn't appear."