[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 16, 2006
THOMAS K. KAHN
CLERK

No. 05-15170
Non-Argument Calendar

_____

D. C. Docket No. 01-00892-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK CARRIE,

Defendant,

LOUIS J. TERMINELLO,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 16, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In December 12, 2002, a Southern District of Florida grand jury indicted Mark Carrie ("Carrie"), his parents, Bessie Carrie and Joe Don Carrie, and nine others with various drug offenses. The indictment included a forfeiture count that reached several pieces of property including his liquor license for Tipsee, Inc. Pursuant to a plea agreement, Carrie pled guilty to Count One of the indictment, alleging a conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, and forfeited the property described in the forfeiture count. The plea agreement required him to assist the Government in any administrative or judicial proceedings required to effect the forfeitures.

On August 18, 2004, the district court granted the Government's motion for a preliminary order of forfeiture. On September 21, 2004, appellant Louis Terminello ("Terminello") filed a verified petition under 21 U.S.C. § 853(n) to adjudicate the validity of his claim to the liquor licensee for Tipsee, Inc. (The State of Florida, which had issued the license, was notified of the forfeiture order but did not file a claim.)

On April 29, 2005, the Florida Division of Alcoholic Beverages and Tobacco ("State") moved to appear *amicus curiae,* but not to intervene, in the proceeding on Terminello's petition. The court denied its motion. A bench trial was held on May 6, 2005, at which the court heard Terminello's testimony,

considered various documents and the parties' stipulation of facts, and the consent to forfeiture executed by Bessie and Joe Don Carrie, Carrie's straw owners of Tipsee, Inc. and the liquor license. The court, after considering Terminello's post-trial memorandum, entered its findings of fact and conclusions of law, Record, Vol. 4 at 670, and a final order of forfeiture (in favor of the Government) denying Terminello's petition. Record, Vol. 4 at 671. Terminello now appeals, contending that the district court erred in ruling that he failed to establish a superior claim to the liquor license under § 853(n) and lacked standing to assert a claim under the Twenty-First Amendment.

Some background information is necessary to understand the issues on appeal. In 2001, the State instituted a revocation proceeding against Tipsee, Inc., holder of the liquor license at issue since 1997, based on its failure to disclose that an individual who had an interest in the business was a convicted felon. Terminello, an attorney, represented the interested party in the State revocation proceeding. After the State revoked the license, in 2002, the interested party was federally indicted, in 2004, on drug charges, and in the indictment, the license was listed as being subject to forfeiture. Terminello claimed that he obtained an interest in the liquor license from the State in 2003 when he entered into a consent order with the State to place the revoked license in escrow on his behalf. He also claimed that any interest his former client had in the license to forfeit had been

3

extinguished by the State's revocation of the license in 2002.

In his brief to us, Terminello posits that the State had a superior interest in the license that predated any criminal activity giving rise to the instant forfeiture; thus, since he received his interest in the license from the State, he comes within a § 853(n) exception.

One who is subject to criminal forfeiture must forfeit to the government, "irrespective of any provision of state law," any property derived from proceeds obtained from the illegal activity giving rise to the forfeiture. 21 U.S.C. § 853(a)(1). "Property" includes "tangible and intangible personal property, including rights, privileges, interests, claims, and securities." 21 U.S.C. § 853(b)(2). All rights in property subject to forfeiture under § 853(a) vest in the government "upon the commission of the act giving rise" to the forfeiture. 21 U.S.C. § 853(c). Property in which the government has a vested interest that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and forfeit to the government, unless the transferee comes within one of two exceptions. Id.

A third party must make one of two showings to establish an interest in forfeited property: (1) that its legal interest in the property was superior to the defendant's at the time of the acts giving rise to forfeiture, or (2) that it is a bona fide purchaser for value without knowledge of the forfeiture. Watkins, 320 F.3d at

4

1282 (citing 21 U.S.C. § 853(n)(6)(A), (B)).

Terminello clearly stated before the district court that he was not claiming to be a bona fide purchaser for value without knowledge of the forfeiture. Therefore, any claim he may have had in that capacity was waived. The only issue remaining, then, is whether his interest, if any, was superior to his former client's interest when his former client acquired the license in 1997 with illegal narcotics proceeds – the time at which the government's rights in the license vested. See § 853(c). As he conceded at the evidentiary hearing, he did not have an interest in the license prior to 1997. He did not acquire any interest in the license until he applied for it from the State in 2003, after it had been revoked from his former client. Thus, he failed to establish an interest in the forfeited license under the § 853(n)(6)(A) superior interest prong.

Terminello's assertion that his former client had no interest to forfeit at the time of the indictment because of the State's revocation of the license in 2002 may or may not be accurate, but it is unavailing. Under the plain language of § 853, the rights of the government vested in the license at the time the former client committed the offense giving rise to the forfeiture – in 1997. See § 853(c). That the former client's interest was later revoked by the State does not change this, as his interest was arguably forfeitable to the government "irrespective of any provision of State law," including the State's provision providing for revocation of

5

the license.  See § 853(a).  Even if the former client's rights in the license were taken by the State through administrative revocation, however, and not divested via forfeiture, Terminello still did not receive any interest in those rights from the State prior to 1997.  In sum, the district court's ruling that Terminello had no interest in the license at relevant times is correct in either case.

Terminello also asserts that the State had a superior interest in the license that predated his former client's criminal activity, and, thus, because he acquired his interest from the State, he comes within the § 853(n) exception.  This argument does not comport with the plain language of § 853(c).  Under § 853(c), the license became forfeitable to the federal government in 1997.  Any subsequent transferee claiming an interest in the license after that date had to prove its statutory entitlement to the property.  The statute makes no distinction as to whom a subsequent transferee received the property from, whether it be the defendant or someone else.  Accordingly, that Terminello may have received an interest from the State, and not his former client, did not relieve him of the statutory obligation of demonstrating the he had a superior interest in the license predating his former client's.  He failed to do this; hence, the district court did not err in ordering the license forfeited to the United States.  Having disposed of this issue, we turn to Terminello's constitutional argument.

Article III of the US Constitution limits federal courts to the adjudication of

6

actual "cases" and "controversies." See U.S. Const. art. III. Under this case-or-controversy requirement, a litigant must have standing to raise his claims in a federal court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Standing requires: (1) an actual or threatened concrete injury; (2) that is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Pittman v. Cole, 267 F.3d 1269, 1282 (11th Cir. 2001).

Three prudential principles also counsel for judicial restraint in considering the plaintiff's claim: "(1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; (2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and (3) whether the plaintiff is asserting his . . . own legal rights and interests rather than the legal rights and interest of third parties. Saladin v. City of Milledgeville, 812 F.2d 687, 690 (11th Cir.1987) (citing Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984))).

To have standing to litigate the rights of third parties, a plaintiff must show that he has suffered injury-in-fact, that he has a close relationship with the third party, and that there is a hindrance to the third party's ability to protect his or her

7

own interest.  Harris v. Evans, 20 F.3d 1118, 1122-1124 (11th Cir. 1994).

The Twenty-First Amendment provides that "[t]he transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."  U.S. Const. amend. XXI, § 2.  Terminello lacks standing to claim that the government's actions in obtaining forfeiture of the liquor license violated the State's ability to regulate alcoholic beverages pursuant to the Twenty-First Amendment.  In his verified petition, Terminello claimed that he should not have to forfeit the license to the government under § 853.  Thus, any injury he may have suffered stemmed from his failure to establish a right to the license in the first instance – a purely statutory matter – not the State's inability to regulate alcoholic beverages within its borders.  So, even if the district court had ruled that the government's actions violated the Twenty-First Amendment, this ruling would not redress his injury, since he would still have to prove his third-party claim under § 853(n).

Other concerns militate against addressing Terminello's constitutional claim.  As noted above, his claim to the license fell under § 853, and thus, out of the zone of interests protected by the Twenty-First Amendment – the State's interests.  See Saladin, 812 F.2d at 690.  Next, since his claim related only to his interest in the license, and not the State's, his concerns over the State's ability to regulate

8

alcoholic beverages under the Twenty-First Amendment is an abstract question not properly resolved by the courts. Id. Finally, to the extent that he is attempting to assert the interests of the State, he fails to meet the requirements of third party standing. Though he may have suffered an injury in fact to the extent he is now precluded from obtaining the license from the State, he has not shown that he had a close relationship with the State or how the State was hindered in its ability to protect its own interest. In fact, the record shows the contrary – the State had the opportunity timely to intervene and assert its interest. The State did inform the district court of its position with respect to the Twenty-First Amendment when it moved to file an *amicus curiae* brief, but expressly declined to seek leave to intervene as a party. Thus, the district court properly found that Terminello lacked standing to bring a claim based on the State's interests under the Twenty-First Amendment.

AFFIRMED.